# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT ANSARA, as Executor of the Estate on behalf of Nancy Quon,<br><br>    Plaintiff,<br><br>  vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY; JOHN YEAGER; and JOE SLADEK, II,<br><br>    Defendants. | Case No.: 2:15-cv-00365-GMN-NJK<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendants State Farm Fire and Casualty Company ("State Farm"), John Yeager ("Yeager"), and Joe Sladek, II ("Sladek") (collectively, "Defendants"). Plaintiff Robert Ansara, as Executor of the Estate on behalf of Nancy Quon, ("Plaintiff") filed a Response in Opposition (ECF No. 11), and Defendants filed a Reply in Support (ECF No. 13). Also pending before the Court is the Motion to Remand (ECF No. 10) filed by Plaintiff. Defendants filed a Response in Opposition (ECF No. 12), and Plaintiff filed a Reply in Support (ECF No. 16). Defendants have also filed a Motion for Leave to File Supplemental Response to the Motion to Remand (ECF No. 20). Plaintiff has filed a Response in Opposition (ECF No. 23), and Defendants have filed a Reply in Support (ECF No. 25).

Because the Court finds that the Motion to Remand should be granted, Defendants' Motion to Dismiss is moot. Likewise, because the arguments raised in the proposed supplemental response do not alter the determination of the Motion to Remand, Defendants' Motion for Leave to File Supplemental Response is also moot.

I.    **BACKGROUND**

   This case arises out of State Farm's denial of a claim presented by Nancy Quon ("Quon") for damages reported to have occurred on or about October 28, 2010 as a result of a fire at her residence. (Compl., Ex. A to Not. of Removal, ECF No. 1).  Quon passed away on March 20, 2012. (*Id.* ¶ 28).  Approximately fifteen months later, on August 2, 2013, State Farm denied coverage for Quon's claim. (*Id.* ¶ 30).  On October 24, 2014, Plaintiff subsequently filed the current action in Nevada state court, alleging eight causes of action: (1) breach of contract; (2) breach of the covenant of good faith and fair dealing; (3) intentional misrepresentation; (4) negligent misrepresentation; (5) fraud-by-omission; (6) violations of the Nevada Unfair Claims Practices Act; (7) unjust enrichment; and (8) intentional infliction of emotional distress. (*Id.* ¶¶ 34–89).  Plaintiff alleges these causes of action against both State Farm as well as its employees, Yeager and Sladek, whom Plaintiff alleges committed and then concealed the fraudulent acts that gave rise to several of the claims and were thereby unjustly enriched. (*Id.* ¶¶ 47–49, 58–59, 67–68, 80–81).

   On March 2, 2015, Defendants removed the case to this Court. (Not. of Removal, ECF No. 1).  In their Notice of Removal, Defendants assert that this Court possesses diversity jurisdiction over the present action because the amount in controversy exceeds $75,000 and there is complete diversity between Plaintiff and State Farm while Yeager and Sladek have been fraudulently joined. (*Id.*).  Plaintiff then filed the Motion to Remand arguing that because Plaintiff, Yeager, and Sladek are all residents of Nevada and Yeager and Sladek are properly joined defendants, this Court lacks jurisdiction. (Mot. to Remand 5:1–22, ECF No. 10).

II.    **LEGAL STANDARD**

   "Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations

omitted).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

The federal removal statute provides that a defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction.  28 U.S.C. § 1441.  "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

To remove a state law civil action to federal court on the basis of diversity jurisdiction, a removing defendant must show that the parties are completely diverse and that the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a).  Complete diversity of citizenship under 28 U.S.C. § 1332 requires that each plaintiff must be a citizen of a different state than each defendant. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  "Nevertheless, one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Id.*  "Although there is a general presumption against fraudulent joinder, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (internal citation and quotation marks omitted).

## III.    DISCUSSION

The parties do not dispute that the amount in controversy exceeds $75,000 or that Plaintiff and Defendants Yeager and Sladek are Nevada residents.  Accordingly, the sole issue

for determining this Court's jurisdiction is whether Yeager and Sladek have been fraudulently joined.

"Fraudulent joinder is a term of art." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067. Accordingly, "rather than focusing on the 'mental state' of the plaintiff, the fraudulent joinder inquiry focuses on the validity of the legal theory being asserted against the non-diverse defendant." *Davis v. Prentiss Properties Ltd., Inc.*, 66 F. Supp. 2d 1112, 1114 (C.D. Cal. 1999).

The problem with the fraudulent joinder inquiry lies in the fact that in order to determine if it possesses jurisdiction over claims against an allegedly fraudulent party, the Court must to some degree determine the validity of those same claims over which the Court may not have jurisdiction. Therefore, the Court must walk a very fine line: "it must consider the merits of a matter without assuming jurisdiction over it." *See id.*; *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 554 (5th Cir. 1981) (stating the Court must not "lose sight of the important questions of federal jurisdiction" implicated in fraudulent joinder cases).

In fraudulent joinder determinations, "[d]efendants alleging a fraudulent joinder are permitted to make a showing of facts indicating fraudulent joinder." *Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 996 (D. Nev. 2005) (citing *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998)); *see also Morris*, 236 F.3d at 1068 (citing a 5th Circuit opinion for the principle that "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence"). However, though courts may look to a showing of facts in conducting a fraudulent joinder analysis, the burden on the defendant to prove fraudulent joinder is higher than the burden required for Rule 56 summary judgment or

even Rule 12(b)(6) dismissal. *See Morris*, 236 F.3d at 1067 ("Joinder of a non-diverse defendant is deemed fraudulent . . . if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state."); *Davis*, 66 F. Supp. 2d at 1115 ("[S]ome room must exist between the standard for dismissal under Rule 12(b)(6) . . . and a finding of fraudulent joinder.  A court's Rule 12(b)(6) inquiry is whether the complaint states a cognizable legal theory.  To constitute fraudulent joinder, the non-diverse claim must not only be unsuccessful, it must be untenable ab initio.") (citations omitted).  Some district courts in the Ninth Circuit have compared the standard for fraudulent joinder to the one under Rule 11, where joinder would not be fraudulent unless the claim is shown to be frivolous. *See, e.g.*, *Davis*, 66 F.Supp.2d at 1114.  Still others have articulated a standard of mere possibility that the plaintiff will be able to establish a cause of action against the party in question. *See, e.g.*, *Soo v. United Parcel Servs., Inc.*, 73 F.Supp.2d 1126, 1128 (N.D. Cal. 1999) (A defendant will be deemed to be fraudulently joined only if "after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (citation omitted).  Accordingly, regardless of the exact standard language used, the party seeking removal bears "a very heavy burden of proving that the joinder of the in-state party was improper." *Hunter*, 582 F.3d at 1044.

Here, Defendants have filed a 31-page Response in Opposition to the Motion to Remand with 280 pages of exhibits. *See* (Resp. to Mot. to Remand, ECF No. 12).  In their opposition, Defendants assert that the exhibits attached to their Response show several of Plaintiff's factual allegations are false and that Plaintiff's claims based on those false allegations must therefore fail.[1] (*Id.* 13:25–25:18).  Additionally, Defendants argue that Plaintiff's fraud claims are

---

[1] Defendants' Proposed Supplemental Response seeks to also show that a factual issue raised by Plaintiff in the Reply is also untrue and was only raised for the first time in the Reply. *See* (Mot. for Leave to File Supp., ECF No. 20).

insufficiently pled because they fail to contain the necessary specificity. (*Id.* 25:19–29:27). Defendants conclude by asserting that because all the claims against Yeager and Sladek will fail, they have been fraudulently joined.  The Court disagrees.

In essence, Defendants have attempted to show that because they will win on all claims against Yeager and Sladek on either a motion for dismissal or a motion for summary judgment, Yeager and Sladek have been fraudulently joined.  However, as noted above, the standard for fraudulent joinder is higher than Rule 56 summary judgment or Rule 12(b)(6) dismissal; the standard is not whether Plaintiff will succeed on the merits of the claims but whether the failure of the claims is "obvious according to the settled rules of the state." *Morris*, 236 F.3d at 1067; *see also Brazina v. Paul Revere Life Ins. Co.*, 271 F. Supp. 2d 1163, 1169 (N.D. Cal. 2003) ("In considering fraudulent joinder, the court does not review the merits of [the] claim but only determines whether a cause of action exists under [state] law.") (citing *McCabe*, 811 F.2d at 1339).  In order to find in favor of Defendants on all of Plaintiff's claims against Yeager and Sladek, the Court would need to decide several disputed issues of fact in favor of Defendants by conducting an extensive review of the evidence and a thorough analysis of Plaintiff's claims. Such a review, however, is not only inappropriate for a fraudulent joinder determination, but the need for such a review itself reveals that the failure of Plaintiff's claims is not "obvious." *See Hunter*, 582 F.3d at 1044 ("[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant and . . . the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.") (quoting *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573–74 (5th Cir. 2004)).  Accordingly, the Court cannot say that all of Plaintiff's claims against Yeager and Sladek will obviously fail, and Defendants have failed to meet their heavy burden of proving Yeager and Sladek to be fraudulent defendants.

**IV.      CONCLUSION**

   **IT IS HEREBY ORDERED** that the Motion to Remand (ECF No. 10) is **GRANTED**. This case is remanded to the Eighth Judicial District Court in Clark County, Nevada.  The Clerk of the Court shall remand this case back to state court and thereafter close this Court's case.

   **IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) and Motion for Leave to File Supplemental Response to the Motion to Remand (ECF No. 20) are **DENIED as moot**.

   **DATED** this _____ day of November, 2015.

24

_____
Gloria M. Navarro, Chief Judge
United States District Judge